UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   EDCV 22-1523-FWS (KS)                                                                 Date: September 13, 2022

Title   <u>Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.</u>

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:                       Attorneys Present for Respondent:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### BACKGROUND

On August 24, 2022, Petitioner, a federal prisoner incarcerated at the Federal Correctional Institute Medium II in Victorville, California (Bureau of Prisons ("BOP") Reg. No. 22106-508 and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (the "Petition") under 28 U.S.C. § 2241.  (Dkt. No. 1.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal and state dockets, and filings available through the PACER system.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations and internal quotation marks omitted).  These records show that, on March 5, 2010, Petitioner pleaded guilty in the Superior Court of Arizona (Maricopa County) to one count of sexual contact with a minor, for which Petitioner received a ten-year prison term.  *See People v. Norris*,[1] No. CR2009-007808-001 (Ariz. Sup. Ct. Mar. 10, 2010) (*available at* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases); *see also Haapaniemi v. Hijar*, No. EP-21-CV-291-DCG, 2021 WL 5828372, at *1 (W.D. Tex. Dec. 8, 2021).   Further, on March 18, 2021, in case no. 3:19-CR-00078-1-RRB, Petitioner was convicted by plea agreement in the United States District Court for the District of Alaska of stalking (18 U.S.C. §§ 2261A(2)(B), 2261(b)(6)) and mailing threatening communications (18 U.S.C. § 876(d)).

---

[1] Petitioner changed his name while incarcerated from Peter Lee Norris to Bjorn Erik Haapaniemi.  *Haapaniemi v. Hijar*, No. EP-21-CV-280-DCG, 2022 WL 659395, at *1 (W.D. Tex. Mar. 4, 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 22-1523-FWS (KS)                                              Date: September 13, 2022

Title      <u>Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.</u>

*Haapaniemi v. Hijar*, 2021 WL 5828372, at *2. For those offenses, Petitioner received 108 months in federal prison. *Id.* at *1. As part of Petitioner's plea agreement in the federal case, he agreed to "conform with sex offender registration laws and other laws which exist in any jurisdiction where he resides or visits, within 24 hours of release on supervision or any change in circumstances." *See United States v. Haapeniemi*, No. 3:19-cr-00078-RRB-MMS (D. Alaska) (Dkt. No. 101 (Judgment) at 5). Further, the "Mandatory Conditions" of Petitioner's supervised release after his incarceration included the following:

> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

*Id.* at 3.

Petitioner did not directly appeal his federal conviction, but he did file, in the Sentencing Court, a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *Haapaniemi v. Hijar*, 2021 WL 5828372, at *2. The Sentencing Court denied the motion. *Id.*

Petitioner subsequently filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Western District of Texas. *Id.* at *1. On December 8, 2021, that court dismissed the petition for lack of jurisdiction on the grounds that Petitioner was attempting to collaterally attack his federal sentence – more properly brought in a § 2255 motion in the sentencing court – and that Petitioner failed to satisfy either prong of the § 2255(e) savings clause test. *Id.* at *3-5

On August 24, 2022, Petitioner filed the instant Petition. (Dkt. No. 1.) The Petition, while not a model of clarity, appears to challenge Petitioner's required registration as a sex offender under the Adam Walsh Child Protection and Safety Act of 2006. (*Id.* at 1, 5-13.)
\\
\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1523-FWS (KS)                                              Date: September 13, 2022

Title   *Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.*

**DISCUSSION**

**I.   Threshold Jurisdictional Issue**

A motion under 28 U.S.C. § 2255 ("Section 2255") generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir.), *cert. denied*, 133 S. Ct. 292 (2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Accordingly, a federal prisoner may file a 28 U.S.C. § 2241 ("Section 2241") habeas petition only to attack the "execution of his sentence," not to attack its validity. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that Section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence, not its legality).

Additionally, a petitioner must bring all arguments he intends to bring in his *initial* Section 2255 motion or risk having later arguments barred as successive. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under Section 2255 is strictly limited. First, *before* a second or successive Section 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Second, a court of appeals may authorize a second or successive Section 2255 motion only if it is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable." 28 U.S.C. § 2255(h).

There is one "narrow exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003). Section 2255 contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. The Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1523-FWS (KS)                                          Date: September 13, 2022

Title        *Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.*

proving the inadequacy or ineffectiveness of the Section 2255 remedy.  *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

     The distinction between Section 2255 motions and Section 2241 petitions impacts not only the type of relief available and the applicable procedural limitations but also has a jurisdictional component.  *See Muth*, 676 F.3d at 818; *Hernandez*, 204 F.3d at 864-65.  Section 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, *i.e.* in the Sentencing Court.  Section 2241 petitions, in contrast, must be heard in the federal district in which the prisoner is confined.  As a result, a district court faced with a federal prisoner's Section 2241 challenge to the legality of his conviction and/or sentence must first decide, "before proceeding to any other issue," whether the relief requested may be sought under Section 2241.  *Hernandez*, 204 F.3d at 865; *see also Muth*, 676 F.3d at 818 ("Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion.").

**II.     Section 2241 Jurisdiction Appears To Be Lacking**

     Here, the claim alleged in the Petition appears to be challenging Petitioner's obligation to register as a sex offender, which goes directly to the terms and validity of Petitioner's plea agreement and ensuing sentence imposed by the Sentencing Court.  *See United States v. Haapeniemi*, No. 3:19-cr-00078-RRB-MMS, Dkt. No. 101 at 3, 5.  As a result, Section 2241 jurisdiction does not exist unless Petitioner shows that Section 2255's savings clause applies and/or that Section 2241 somehow otherwise applies.  The Petition does not do so.  Accordingly, **Petitioner is ORDERED TO SHOW CAUSE, no later than October 4, 2022, how this Court has jurisdiction to hear this case.**

     As stated above, the Ninth Circuit has construed the "inadequate or ineffective" language narrowly and made clear that it does not serve as a mechanism for either circumventing the procedural limitations on Section 2255 motions or obtaining a second chance to present a claim already denied on the merits.  *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  Therefore, to establish that the Section 2255 remedy is inadequate or ineffective in this case, Petitioner must, in response to this Order, (1) establish that the Petition makes a claim of actual innocence *and* (2) demonstrate that he has not had an unobstructed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1523-FWS (KS)                                               Date: September 13, 2022

Title   *Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.*

procedural shot at presenting that claim. *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819.

To satisfy the first prong, a claim of actual innocence, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted); *Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. Factual innocence, not legal insufficiency, is required. *Lorentsen*, 223 F.3d at 954; *see Stephens*, 464 F.3d at 898-990; *Ivy*, 328 F.3d at 1060. The Petition, however, does not allege that Petitioner is innocent of the crimes of which he was convicted. Rather, the Petition asserts that there is a defect in an aspect of Petitioner's sentence.

Further, to satisfy the second prong, Petitioner must establish he has "never had the opportunity to raise" his claim in a Section 2255 motion. *Ivy*, 328 F.3d at 1060 ("it is not enough that the petitioner is presently barred from raising his claim . . . under § 2255. He must never have had the opportunity to raise it by motion."). However, Petitioner has twice attacked the validity of his sentence in post-conviction proceedings: first, in the Section 2255 Motion that he filed in the Sentencing Court in 2008; and second in the Section 2241 Petition that Petitioner filed in the Central District of Illinois in 2013.

Finally, the Court is unaware of any independent basis for exercising Section 2241 jurisdiction. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody"). Section 2241 confers a general grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3). As noted earlier, the federal courts have construed this general grant to encompass a federal prisoner's right to attack the "execution of his sentence," but not its validity. *Id.* at 1009; *Hernandez*, 204 F.3d at 864; *see also Porter*, 244 F.3d at 1007.
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 22-1523-FWS (KS) | Date: September 13, 2022

Title  <u>Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.</u>

      For the reasons stated above, it appears that the Petition is subject to dismissal for lack of jurisdiction.  Accordingly, **IT IS HEREBY ORDERED that Petitioner shall file, no later than October 4, 2022, a signed, written response to this Order of no more than ten (10) pages, in which Petitioner does <u>one</u> of the following:**

(1) Establishes that the Petition is properly filed as a Section 2241 Petition because either the Section 2255 escape hatch applies – *i.e.*, the Petition makes a claim of actual innocence, which Petitioner has not had an unobstructed procedural shot at presenting – or the Court has another basis for exercising Section 2241 jurisdiction;
(2) Establishes that the Ninth Circuit Court of Appeals authorized Petitioner to file a second or successive Section 2255 motion *before* he filed the Petition, and that Petitioner consents to the Court recharacterizing the Petition as a Section 2255 motion and transferring it to the appropriate district court; or
(3) Requests the voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached to this Order for Petitioner's convenience.

      **IT IS SO ORDERED**.

:
**Initials of Preparer**  gr