JS-6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:22-cv-01523-FWS-KS                                                                    Date: October 17, 2022
Title: Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Elsa Vargas for Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                        Attorneys Present for Defendant:

Not Present                                                                           Not Present

**PROCEEDINGS: ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

### I.   Background

On August 24, 2022, Petitioner Bjorn Erik Haapaniemi, a federal prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2241.  (Dkt. 1.)  On the same day, Petitioner filed a Request to Proceed In Forma Pauperis ("IFP Request").  (Dkt. 2.)  On September 6, 2022, the court issued an Order postponing a ruling on the IFP Request for thirty days and ordering Petitioner to submit additional information regarding the IFP Request ("Order").  (Dkt. 4.)  The court cautioned Petitioner that failure to comply with the Order within thirty days could result in the case being dismissed without prejudice.  (*Id*.)  Petitioner's response was due by October 6, 2022.  (*Id*.)  As of the date of this Order, Petitioner has not filed a response to the Order, filed a complete IFP Request, or paid the filing fee.  (*See generally*, Dkt.)

### II.   Legal Standard

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders.  *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No.: 5:22-cv-01523-FWS-KS | Date: October 17, 2022 |
| Title: Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al. | |

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642-43.

### III.    Discussion

Having weighed the five factors, the court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Petitioner's failure to engage with this case and file a response to the court's Order has interfered with the public's interest in the expeditious resolution of this litigation, as well with the court's need to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, Petitioner has failed to rebut the presumption that Respondent has been prejudiced by this unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Although the fourth factor generally weighs against dismissal, Petitioner's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Indeed, while the fourth factor weighs against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations and internal quotation marks omitted). Accordingly, this "factor lends little support to

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:22-cv-01523-FWS-KS                                      Date: October 17, 2022
Title: Bjorn Erik Haapaniemi v. Federal Bureau of Prisons Main Office et al.

___

a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

As to the fifth factor, there is no less drastic sanction available to the court as it has already postponed a ruling on the IFP Request, given Petitioner an opportunity to submit additional information, cautioned Petitioner that failure to comply with the Order could result in dismissal of the case without prejudice, and provided sufficient time for Petitioner to either respond to the Order or pay the filing fee.  Accordingly, the court has taken meaningful steps to explore alternatives to dismissal.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

IV.     **Disposition**

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk is directed to **CLOSE** this case.

The Clerk shall serve this minute order on the parties.

                                                                Initials of Deputy Clerk:  eva/mku

___